IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIDEWATER INVESTMENT SRL and TIDEWATER CARIBE S.A., <br><br> Plaintiffs, <br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No. 19-mc-79-LPS |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A WRIT OF ATTACHMENT *FIERI FACIAS* PURSUANT TO 28 U.S.C. 1610(C) AND EXCEED PAGE LIMITATION**

Plaintiffs and judgment creditors Tidewater Investment SRL and Tidewater Caribe S.A. (together, "Tidewater" or "Plaintiffs") respectfully seek leave to file a supplemental brief in support of their motion for an order authorizing the Clerk of the Court to sign, seal, and issue Tidewater's proposed writ of attachment *fieri facias* to Delaware corporation PDV Holding, Inc. ("PDVH") (the "Motion") (D.I. 5) and to exceed the page limitation set forth in Local Rule 7.1.3(a)(4) for such brief. Plaintiffs' proposed supplemental brief in support of their Motion and supporting declaration is attached hereto as Exhibit A.

Bolivarian Republic of Venezuela ("Venezuela" or "Defendant) is not currently represented by counsel and thus no averment of counsel is required under Local Rule 7.1.1. To date, PDVH has not appeared in these proceedings.

## PROCEDURAL BACKGROUND[1]

1.  On April 3, 2019, Plaintiffs registered a foreign judgment against defendant Venezuela in the amount of $36,397,000 with this Court. On November 15, 2019, Plaintiffs filed their Motion and supporting declaration. D.I. 5-6. On June 1, 2020, Defendant filed an Answering Brief in opposition to the Motion, along with supporting declarations. D.I. 13-16.

2.  On August 4, 2020, the Court entered a stipulated order (the "Stay Order") providing that "[a]ll deadlines and case activity in the above-captioned action (the 'Action') shall be stayed *sine die*, pending further developments in the proceedings captioned *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-151-LPS; *OI European Group B.V. v. Bolivarian Republic of Venezuela et al.*, C.A. No. 1:19-cv-290-LPS and *OI European Group B.V. v. Bolivarian Republic of Venezuela et al.*, C.A. No. 1:19-mc-290-LPS." D.I. 17 at 1. The Stay Order further provided that: (i) "[a]ny party may terminate the stay upon fifteen (15) days' written notice, at which time the Action will revert to its status as of submission of this Stipulation and [Proposed] Order by the parties," and (ii) "[t]he parties shall meet and confer promptly after the lifting of the stay to discuss the schedule for filing a reply brief on Plaintiffs' Motion for an Order Authorizing the Issuance of a Writ of Attachment *Fieri Facias* Pursuant to 28 U.S.C. 1610(C) (D.I. 5)." *Id.*

3.  On April 17, 2023, Plaintiffs noticed a lifting of the Stay Order, thereby triggering a lifting of the Stay as of May 2, 2023. D.I. 22. To date, Plaintiffs have not filed a Reply.

4.  On May 10, 2023, with leave of Court, counsel for Defendant withdrew from this proceeding. D.I. 26.

---

[1] To the extent not recited below, Plaintiffs hereby incorporate by reference the Background section of their Motion. D.I. 5.

## SUBSTANTIVE BACKGROUND

5. Plaintiffs' Motion relied upon this Court's ruling in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380 (D. Del. 2018) ("*Crystallex I*") in support of its assertion that PDVSA is an agency or instrumentality of Venezuela. *See* Motion at ¶ 22 (citing *Crystallex I*, 333 F. Supp. 3d at 414 (finding that "PDVSA may be deemed the alter ego of Venezuela . . . .")).

6. Following the submission of Plaintiffs' Motion, in *Crystallex International Corp. v. PDV Holding Inc.*, No. 15-cv-1082-LPS, 2019 WL 6785504 (D. Del. Dec. 12, 2019), this Court declined to extend the alter ego determination from *Crystallex I* to other cases, explaining that "[t]he question of whether PDVSA can, under the present circumstances, be deemed an alter ego of the Republic is not identical to the issue decided in the Crystallex Asset Proceeding ." *Id.* at *7. The Court noted that "the pertinent date on which an alter ego relationship must exist (or must have existed) may well differ in different cases involving different creditors" and that "any creditor seeking to place itself in a situation similar to Crystallex will have to prove that PDVSA is and/or was the Republic's alter ego on whatever pertinent and applicable date." *Id.* at *7-8.

7. Subsequently, in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151-LPS, 2021 WL 129803 (D. Del. Jan. 14, 2021), this Court held that "the pertinent time" for purposes of an alter ego analysis is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ." *Id.* at *6.

8. Most recently, addressing four pending motions for writs of attachment in *OI European Group B.V. v. Bolivarian Republic of Venezuela*, No. 19-290-LPS, 2023 WL 2609248 (D. Del. Mar. 23, 2023) ("*OIEG*"), this Court found that "[t]he moving parties have proven, by a

preponderance of the evidence, that PDVSA has been and is the alter ego of Venezuela, at all pertinent times, including from August 2018 through at least October 13, 2022." *Id.* at *2.

9. Accordingly, in view of this newly learned information and authority, Plaintiffs request leave to file the attached supplemental brief submitted as Exhibit A hereto in support of their Motion. Plaintiffs' supplemental brief in support of the Motion provides detailed evidence, covering nearly five years of time, showing that PDVSA is Venezuela's alter ego. Plaintiffs therefore seek leave of the Court to exceed the 20-page page limit requirement imposed by Local Rule 7.1.3(a)(4) for opening and answering briefs in order to adequately present detailed factual evidence and argument on each of these issues.

## ARGUMENT

10. Courts have discretion to allow parties to supplement the record of a case with relevant information that becomes available after the filing of earlier pleadings. *See Peninsula Advisors, LLC v. Fairstar Res. Ltd.*, No. 10-489-LPS, 2014 WL 491671, at *3 n.3 (D. Del. Feb. 5, 2014) (granting motion to supplement record and discussing a court's "discretion to grant leave to supplement the record of a case") (citation omitted); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331-32 (1971) ("Like a motion under Rule 15(a) to amend the pleadings, a motion to reopen to submit additional proof is addressed to [the court's] sound discretion."); *Tax Analysts v. U.S. Dep't of Justice*, 759 F. Supp. 28, 32 (D.D.C. 1991), *aff'd*, 965 F.2d 1092 (D.C. Cir. 1992) (allowing supplemental memoranda "because they . . . present recent legal developments").

11. Here, Plaintiffs seek leave to supplement their Motion in light of this Court's guidance in rulings that post-date the submission of Plaintiffs' Motion, including the holding of *OIEG*, and events that have transpired with the Venezuelan government. This additional

information included in attached supplemental brief that Plaintiffs propose to file is relevant to the determination of whether PDVSA has been and is the alter ego of Venezuela.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 17-mc-151-LPS, 2021 WL 129803, at *6 (D. Del. Jan. 14, 2021) (opining on the "pertinent time" for purposes of motions for writs of attachment).  Venezuela will suffer no prejudice as a result of Plaintiffs' proposed supplement, as it has already had the opportunity to address this new information in the context of the parallel applications for writs of attachment addressed in *OIEG*.  Moreover, Plaintiffs do not object to the submission of a new opposition brief by Venezuela, subject to Plaintiffs' right of final reply in accordance with applicable Court rules.

12. Plaintiffs' Motion is one of several brought by creditors of Venezuela in this District for purposes of attaching the PDVH shares.  Many of those creditors were also required to make similarly complex legal and evidentiary showings, and required oversized briefs in order to present their motions.  *See, e.g.,* Order Granting Request to File Excess Pages, *Crystallex v. Bolivarian Rep. of Venez.*, 17-mc-00151 (D. Del.) D.I. 12 (approving 15 page extension); Order Granting Request to File Excess Pages, *OI European Grp. B.V. v. Bolivarian Rep. of Venez.*, 19-mc-00290 (D. Del.) D.I. 47 (approving 15 page extension); Order Granting Request to File Excess Pages, *Rusoro Mining Limited v. Bolivarian Rep. of Venez.*, 21-mc-00481 (D. Del.) D.I. 9 (approving 18 page extension).

13. In light of the highly fact-intensive inquiries at issue in Plaintiffs' Writ Motion and the substantial evidence Plaintiffs seek to submit in support of their motion, Plaintiffs respectfully submit that allowing the supplemental brief in support of their Motion to exceed the page limitations prescribed by Local Rule 7.1.3 by ten (10) additional pages is both appropriate and justified.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request leave to submit the attached supplemental brief and supporting declaration, appended as Exhibit A to this motion, and further respectfully reiterate their request that the Court enter an order authorizing the Clerk of Court to issue a writ of attachment *fieri facias* against the shares of PDVH.

Respectfully submitted,

Dated: May 17, 2023

OF COUNSEL:

COVINGTON & BURLING LLP
Miguel López Forastier (admitted *pro hac vice*)
Mark D. Herman (admitted *pro hac vice*)
One City Center
850 Tenth Street, N.W.
Washington, DC 20001
Tel: 202-662-5185

MCCARTER & ENGLISH, LLP

*/s/ Andrew S. Dupre*
Andrew S. Dupre (#4621)
Sarah E. Delia (#5833)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel: (302) 984-6300
adupre@mccarter.com
sdelia@mccarter.com

*Attorneys for Plaintiffs Tidewater Investment SRL and Tidewater Caribe S.A.*