# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIDEWATER INVESTMENT SRL and TIDEWATER CARIBE, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No. 19-mc-00079-LPS |

**PLAINTIFFS AND JUDGMENT CREDITORS TIDEWATER INVESTMENT SRL AND TIDEWATER CARIBE S.A.'S OPENING SUBMISSION RELATING TO THE ISSUES IDENTIFIED IN THE COURT'S MAY 10, 2023 MEMORANDUM ORDER**

In response to the Court's invitation to address any or all of the three issues outlined in the Court's Memorandum Order, *see Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (May 10, 2023) D.I. 559, ¶ 3 ("Memorandum Order"), Plaintiffs and Judgment Creditors Tidewater Investment SRL and Tidewater Caribe S.A. (collectively, "Tidewater") submit this opening submission.

**I.  Tidewater's Registered Judgment Against Venezuela Constitutes an "Additional Judgment" Under the *Crystallex* Sale Procedures Order.**

As stated in its Sixth Revised Sale Procedures Order, the Court has authority to decide which additional judgments will be considered by the Special Master for purposes of the sale of the shares of PDV Holding, Inc. ("PDVH") to satisfy the debts of the Bolivarian Republic of Venezuela ("Venezuela").  *See Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (Oct. 11, 2022) D.I. 481, ¶ 30 ("Sale Procedures Order"). The Sale Procedures Order provides that such judgments against Venezuela will be classified as

1

"Additional Judgments" and will be "considered by the Special Master" in light of the upcoming sale of PDVH's shares. *Id.*

Tidewater registered its judgment against Venezuela with the Court on April 3, 2019, in the amount of USD $36.397 million and USD $2.5 million in costs and attorney's fees plus interest — minus 30% of the costs of the ICSID annulment proceeding.[1] *See* D.I. 1. In light of the Court's authority and for multiple reasons, Tidewater's registered judgment should be named an "Additional Judgment" pursuant to the Sale Procedures Order: Tidewater is entitled to payment from Venezuela on its delinquent debt obligations, Tidewater registered its judgment with this Court three years ago, and Tidewater has been seeking appropriate relief since then.[2] Nothing in the Sale Procedures Order mandates or contemplates any additional requirements before a judgment can be considered an "Additional Judgment," and nothing in the recently issued license from OFAC requires any further finding by the Court. *See* Mem. Order, *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (May 4, 2023) D.I. 555 ("OFAC Order"). Tidewater likewise satisfies the requirements for a writ of attachment *fieri facias* against PDVH's shares. *See* Mot. for Leave to File a Suppl. Br., D.I. 29-2.

---

[1] Tidewater's registered judgment accrues interest at the rate of 4.5% per annum compounded quarterly from May 8, 2009 through the date of payment. 30% of the costs of the ICSID annulment proceeding equals $122,069. *See* First Decl. of Miguel López Forastier, Ex. 3, D.I. 6-1, ¶ 217; *id.*, Ex. 4, D.I. 6-1, ¶ 230; *id.*, Ex. 5, D.I. 6-1, ¶ 6. As of today, the total amount of Tidewater's credit is $72,825,391 ($72,947,460 *minus* $122,069).

[2] For both judicial and party efficiency, on June 5, 2020, Tidewater agreed to stay this action "pending further developments in the proceedings captioned *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-151-LPS; *OI European Group B.V. v. Bolivarian Republic of Venezuela et al.*, C.A. No. 1:19-cv-290-LPS and *OI European Group B.V. v. Bolivarian Republic of Venezuela et al.*, C.A. No. 1:19-mc-290-LPS." D.I. 17. The stay has recently been lifted. *See* D.I. 22.

## II. The Court Should Issue Unconditional Orders of Attachment According to the Date a Creditor Registered Its Judgment with the Court.

The Court generally has discretion to decide when to issue unconditional orders of attachment. Previously in this case, however, in light of the U.S. government's sanctions regime blocking transactions involving Venezuela's assets, the Court could not issue unconditional writs of attachment without a license from the Office of Foreign Asset Controls ("OFAC"). This prohibition was beyond a judgment creditor's control. Now that OFAC has issued a license to the Clerk of Court authorizing the Court and additional judgment creditors named by the Court to engage in transactions and activities ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias*, *see* OFAC Order, the Court should adopt a fair and orderly process of issuing unconditional writs of attachment.

The Court should issue such writs according to the date a creditor registered its judgment with the Court. This fair and orderly process allows creditors to attach Venezuela's assets according to the date their judgments were binding within this District. Such a process would be just and equitable and accord with Delaware law. *See* 10 *Del. C.* § 4704 ("A judgment given … shall bind from the *time of its entry*….") (emphasis added); *id.* at § 4705 ("If several judgments are entered against the same person, on the same date, the first *entered* has priority.") (emphasis added). This process would prevent a judgment creditor from attaching PDVH's shares far later than others — even if its judgment became binding long before — for reasons beyond the creditor's control. Moreover, a number of other judgment creditors have ongoing proceedings before this Court, seeking writs of attachment, and it would be equitable for the Court to issue such writs according to the date each individual judgment was registered.

### III. No Legal Standard Dictates the Priority for the Majority of Venezuela's Creditors.

As stated, under Delaware law, "[i]f several judgments are entered against the same person, on the same date, the first *entered* has priority." 10 *Del. C.* § 4705. The priority of enforcing a judgment by a writ of execution is also a matter of Delaware law. *See* Fed. R. Civ. P. 69(a)(1) ("A money judgment is enforced by a writ of execution…. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located…."). Under Delaware law, the priority of execution on a judgment turns on the date the execution was delivered. *See* 10 *Del. C.* § 5081 ("An execution shall not bind goods and chattels until it is *delivered* to the sheriff or other proper officer to be executed. An execution shall, from the time it is so delivered, bind all the goods and chattels of the defendant….") (emphasis added); *id.* at § 5082 ("If several executions against the same defendant are delivered on the same day, the first *delivered* shall have priority.") (emphasis added); *see also In re Richardson Co.*, 83 A. 1034, 1035 (Del. Super. Ct. 1912).

Other than the writ issued and served in the Crystallex proceeding, *see Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS (Aug. 23, 2018) D.I. 495, ¶¶ 2–3, the Court has not yet issued any unconditional writs of attachment. Therefore, no judgments that are made "Additional Judgments" have yet resulted in an execution that has been delivered implicating 10 *Del. C.* §§ 5081-5802.[3] Given the Court's discretion as to when to issue and direct service of such writs of attachments, *see supra* II, the Court can influence the

---

[3] Other judgment creditors have conceded this point: granting conditional writs of attachment — or even issuing them — does not establish priority. *See* Op., *OI Eur. Group B.V. v. Bolivarian Republic of Venezuela*, No. 19-290-LPS (March 2, 2022) D.I. 109, at 14 ("Notably, the judgment creditors admit that the requested relief [conditional writs of attachment] will not establish priority in the PDVH Shares. … (ConocoPhillips conceding that even issuance of writ of attachment does not establish priority).") (citations omitted).

4

priority provided for additional judgments. And as stated above, *supra* II, the Court should exercise its discretion to issue and direct service of such writs according to the date a creditor registered its judgment with the Court. This fair and orderly process best protects the legal rights and interests of Venezuela's judgment creditors, and it is consistent with Delaware state law providing that judgments have priority based on the time they were entered. *See* 10 *Del. C.* § 4704; *id.* at § 4705.

| | |
|---|---|
| Dated: May 24, 2023 | McCARTER & ENGLISH, LLP |
| | |
| | */s/ Sarah E. Delia* |
| *Of Counsel*: | Andrew S. Dupre (#4621) |
| | Sarah E. Delia (#5833) |
| COVINGTON & BURLING LLP | Renaissance Centre |
| Miguel López Forastier (admitted *pro hac vice*) | 405 N. King Street, 8th Floor |
| Mark D. Herman (admitted *pro hac vice*) | Wilmington, DE 19801 |
| One City Center | Tel: (302) 984-6300 |
| 850 Tenth Street, N.W. | adupre@mccarter.com |
| Washington, D.C. 20001 | sdelia@mccarter.com |
| Tel: 202-662-5185 | |
| | *Attorneys for Plaintiffs* |
| | *Tidewater Investment SRL and* |
| | *Tidewater Caribe S.A.* |